E-FILED
Friday, 31 July, 2020 09:12:13 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

JASON R. SHELDON, STEVEN HUNSBERGER,

Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM LIFE AND ACCIDENT ASSURANCE COMPANY; STATE FARM FIRE AND CASUALTY COMPANY; STATE FARM GENERAL INSURANCE COMPANY,

Defendants.

No. 1:19-cv-01080-JES-TSH

Chief Judge James E. Shadid

Magistrate Judge Tom Schanzle-Haskins

**JOINT MOTION FOR CONTINUANCE OF AMENDED SCHEDULING ORDER**

The Parties, by and through their undersigned counsel of record, jointly move this honorable Court for a continuance of the Amended Scheduling Order and deadlines set by the Court. (*See* ECF Dkt. #21.) In support thereof, the Parties state as follows:

1. Plaintiffs filed their Complaint on March 8, 2019 and served Defendants on March 13, 2019. (ECF Dkt. #1).

2. Defendants filed their Answer on May 10, 2019. (ECF Dkt. #9).

3. On June 7, 2019, the Parties filed their Report of Parties Planning Meeting, setting out a proposed schedule for discovery and class certification. (ECF Dkt. #11).

4. On June 11, 2019, the Court entered a Scheduling Order. (ECF Dkt. #13).

5. On August 23, 2019, the Parties filed a joint motion for entry of stipulated ESI protocol and confidentiality agreement and protective order. (ECF Dkt. #17).

6. On August 26, 2019, the Court entered the proposed Orders as requested in Doc.17 submitted by the Parties. (ECF Dkt. #18, 19).

7. On September 11, 2019, Plaintiffs served their first set of Requests for Production and Interrogatories on Defendants.

8. Then, the Parties engaged in various and meaningful meet and confers to properly coordinate the scope and substance of the discovery so as to avoid raising any disputes with the Court.

9. By January 13, 2020, Defendants had produced roughly 1,000 documents, but were still in the process of performing the necessary searches and production to provide documents and written responses.

10. In an effort to continue to cooperate and coordinate the production of documents and then conduct the necessary depositions to effectively prosecute this class action lawsuit, the Parties jointly requested that the Court grant a continuance and extend the Scheduling Order as entered in Doc. 13 by an additional six (6) months. The Parties submitted a proposed scheduling order for the Court's consideration.

11. On January 24, 2020, the Court granted the motion for continuance and entered an Amended Scheduling Order. (ECF Dkt. #21.) Under that Amended Scheduling Order: (a) Plaintiffs' expert disclosures are due by May 1, 2020; (b) Defendants' expert disclosures are due July 10, 2020; (c) expert discovery closes August 10, 2020; (d) Plaintiffs' motion for class certification is due September 28, 2020; (e) Defendants' response is due within 30 days after the filing of the motion for class certification; and (f) Plaintiffs' reply is due within 14 days of the filing of the response. (*Id.*).

12. Since the first Amended Scheduling Order was entered, the Parties continued to

work cooperatively on discovery. Defendants produced an additional 2,870 responsive documents, totaling around 11,780 pages. The Parties also continued to discuss issues related to the scope of discovery and continued their efforts to identify information that may need to be produced.

13. Despite these efforts, the Parties determined that they required more time to complete discovery, particularly in light of the emerging coronavirus pandemic.

14. On April 28, 2020, the parties jointly requested that the Court amend the Scheduling Order to provide for an additional ninety (90) day continuance of all deadlines. ECF Dkt. #22. The Court granted the parties' joint motion on April 29, 2020 and entered a Second Amended Scheduling Order. (ECF Dkt. #23).

15. Although the Parties have continued to work diligently to complete the production process, discovery efforts regarding additional document collection and production and preparation of written discovery requests and responses have been significantly hindered by the ongoing coronavirus pandemic and related state-wide stay-at-home orders.

16. As an example, Defendants' counsel and their internal personnel are not allowed to enter their offices. This has prevented Defendants' staff from collecting and reviewing both electronic and hard copy documents that may be responsive to Plaintiffs' discovery requests.

17. Defendants' discovery efforts will also likely require the review and production of information and materials that that are not maintained at Defendants' Bloomington, Illinois corporate offices. This is because Plaintiffs and some of the individuals who may have responsive documents are located in other regions, such as the State of New York. Travel to, and review and collection of materials from such locations, has been negatively impacted by the same restrictions outlined above.

18. Accordingly, the Parties request that the Court grant a continuance and extend the Second Amended Scheduling Order (ECF Dkt. #23) by an additional 90 days.[1]

19. This Motion is not made for purposes of delay, and the requested continuance will not prejudice any party to this action.

WHEREFORE, the Parties respectfully request that this Court grant them a 90-day extension of the deadlines imposed in Doc. 23 by the Court's Second Amended Scheduling Order.

Dated: July 31, 2020

/s/ Elizabeth C. Chavez

/s/ D.G. Pantazis, Jr.

*Counsel for Plaintiffs*

OF COUNSEL:
Robert M. Foote, Esq.
Elizabeth C. Chavez, Esq.
FOOTE MIELKE CHAVEZ ONEIL
10 W. State Street Suite 200
Geneva, IL 60134
630-232-7450
rmf@fmcolaw.com
ecc@fmcolaw.com

D.G. Pantazis, Jr., Esq.
WIGGINS, CHILDS, PANTAZIS, FISHER, & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
205-314-0557
dgpjr@wigginschilds.com

Respectfully submitted,

/s/ Joseph J. Torres

*Counsel for Defendants*

Joseph J. Torres, Esq.
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
jtorres@jenner.com

[1] The Parties anticipate it may be necessary to revisit this time period in the upcoming weeks based on the trajectory of the pandemic. If further relief is necessary, the Parties will file an appropriate motion with the Court at that time.

**CERTIFICATE OF SERVICE BY ATTORNEY**

I hereby certify that on July 31, 2020, a copy of the above and foregoing was filed via ECF, which will send notice to all counsel of record.

*/s/ Elizabeth C. Chavez*