E-FILED
Monday, 21 June, 2021 01:43:59 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| JASON R. SHELDON and STEVEN HUNSBERGER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 19-cv-1080 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM LIFE AND ACCIDENT ASSURANCE COMPANY; STATE FARM FIRE AND CASUALTY COMPANY; STATE FARM GENERAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants State Farm Mutual Automobile Insurance Company, State Far Life and Accident Assurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company's (collectively State Farm) Motion to Stay Pending Resolution of Defendants' Motion for Judgment on the Pleadings (d/e 35) (Motion 35). State Farm asks for a stay of class

discovery and briefing on Plaintiffs Jason R. Sheldon and Steven Hunsberger's planned motion for class certification. For the reasons set forth below, the Motion is DENIED.

BACKGROUND

Sheldon and Hunsberger worked for State Farm as Term Independent Contractor Agents ("Term Agents" or "TICA"). Sheldon and Hunsberger allege that State Farm wrongfully misclassified Plaintiffs and all other Term Agents as independent contractors when, in fact, Term Agents were employees of State Farm. Plaintiffs allege for themselves and all similarly situated Term Agents that State Farm wrongfully failed to provide to Plaintiffs and all other Term Agents benefits available to State Farm employees under State Farm's benefits and welfare plans qualified under the Employee Retirement Income Security Act (ERISA) 29 U.S.C. §§1101 et seq., including 401(k), retirement, and pension plans. Plaintiffs bring class action claims for all similarly situated Term Agents under ERISA §§ 404(b), 502(a)(1)(B) and (a)(3), 29 U.S.C. §1104(b), 1132(a)(1)(B) and (a)(3) for declaratory relief; reformation of State Farm's qualified plans; payment of improperly withheld benefits; and equitable relief for "restitution in the form of a surcharge or otherwise credit Plaintiffs and Class Members for all ERISA benefits to which they are retroactively entitled under the

State Farm Plans." Class Action Complaint (d/e 1) (Complaint), ¶ 128; see Class Action Complaint, Counts I, II, and III. Plaintiffs Sheldon and Hunsberger also allege personal claims for fraud and deceit. Complaint, Counts IV and V. State Farm does not seek a stay with respect to the individual claims.

Plaintiffs filed the Complaint on March 8, 2019. State Farm answered on May 31, 2019. First Amended Answer (d/e 10). The Court entered a Scheduling Order (d/e 13) on June 11, 2019. On January 13, 2020, the parties filed a Joint Motion for Continuance of Scheduling Order (d/e 20) (Motion 20). The parties stated in Motion 20 that Plaintiffs served written discovery requests on State Farm on September 11, 2019. State Farm had produced 1,000 documents and was "still in the process of performing the necessary searches and production to provide documents and written responses." Motion 20, at 2. The parties asked for six additional months to complete discovery. The Court allowed Motion 20 and amended the Scheduling Order. Text Order entered January 24, 2020; Amended Scheduling Order entered January 24, 2020 (d/e 21).

On April 28, 2020, the parties filed a second Joint Motion for Continuance of Amended Scheduling Order (d/e 22) (Motion 22). The parties stated in Motion 22 that Plaintiffs served written discovery requests

on State Farm on September 11, 2019.  State Farm had produced "roughly 2,870 responsive documents, totaling around 11,780 pages." Motion 22, at 3.  The parties continued to work on written discovery, but those efforts were complicated by the ongoing pandemic.  The parties asked for a continuance of an additional 90 days.  The Court allowed the Motion and entered the amended the Scheduling Order.  Text Order entered April 29, 2020; Second Amended Scheduling Order entered April 29, 2020 (d/e 23).

On July 31, 2020, the parties filed a third Joint Motion for Continuance of Amended Scheduling Order (d/e 26) (Motion 26).  The parties asked for another 90-day continuance due to complications caused by the ongoing pandemic.  See Motion 26, at 3-4.  The Court allowed Motion 26 and amended the schedule.  Text Order entered August 3, 2020; Third Amended Scheduling Order entered August 3, 2020 (d/e 27).

On October 19, 2020, the parties filed a fourth Joint Motion for Continuance of Amended Scheduling Order (d/e 28) (Motion 28).  The parties' efforts to complete discovery were again hindered by the pandemic and related governmental restrictions.  Motion 28, at 3-4. The parties asked for another 90-day continuance.  The Court allowed Motion 28 and amended the schedule.  Text Order entered October 22, 2020; Fourth Amended Scheduling Order entered October 22, 2020) (d/e 29).

The Fourth Amended Scheduling Order directed Plaintiffs to file a motion for class certification by June 28, 2021, State Farm to file its response within 30 days thereafter, and Plaintiffs to file any reply within 14 days thereafter. The Fourth Amended Scheduling Order also directed Plaintiffs to identify testifying experts and provide Rule 26 expert reports by February 1, 2021, and complete depositions by March 1, 2021; and directed State Farm to identify testifying experts and provide Rule 26 expert reports by April 10, 2021, and complete depositions by May 10, 2021. Fourth Amended Scheduling Order, at 1. The Court ordered that, "After ruling on the motion for class certification, the Court will re-convene the scheduling conference and put into place additional deadlines, including final pretrial and trial dates. All remaining deadlines will be set at the re-convened scheduling conference." Id. at 2.

On February 26, 2021, State Farm filed a Motion to Extend Certain Deadlines in Fourth Amended Scheduling Order (d/e 30) (Motion 30). State Farm asked for extensions of time to March 22, 2021 to depose Plaintiffs' experts, May 1, 2021 to disclose State Farm's experts, and May 31, 2021 to depose State Farm's experts. State Farm stated that the requested extensions would not affect the briefing schedule for the Plaintiffs' planned motion for class certification. Motion 30, at 3-4. Plaintiffs

did not oppose Motion 30. The Court allowed Motion 30 and amended the Fourth Amended Scheduling Order. Text Order entered March 2, 2021.

On April 22, 2021, the parties filed a Joint Motion to Set Pretrial Expert Discovery Deadlines (d/e 32) (Motion 32). The parties stated, [T]he Parties have been working cooperatively on discovery. The Parties have produced thousands of documents on an ongoing basis and have engaged in various and meaningful meet and confers to properly coordinate the scope and substance of the discovery so as to avoid raising any disputes with the Court." Motion 32, at 1. State Farm further told Plaintiffs that it did not need a damages expert to respond to the Plaintiffs' class certification motion. The parties asked the Court to set a schedule for disclosure of experts on the merits after the District Court rules on class certification. Motion 32, at 3. The parties stated that granting Motion 32 would "not alter any existing deadlines, including the briefing schedule for the Plaintiff's motion for class certification." Motion 32, at 4. The Court allowed Motion 32. Text Order entered April 23, 2021.

On May 26, 2021, State Farm filed its Motion for Judgment on the Pleadings (d/e 33) (Motion 33). Two days later, State Farm filed Motion 35. State Farm asks the Court to stay the discovery and briefing of the

Plaintiffs' motion for class certification, due June 28, 2021, until after the District Court rules on Motion 33. Plaintiffs oppose Motion 35.

ANALYSIS

The Court has broad discretion in deciding whether to stay proceedings. Fed. R. Civ. P. 26(c) and (d); United States Securities and Exchange Commission v. Glick, 2019 WL 78958 at *5 (N.D. Ill. Jan. 2, 2019). The relevant factors in considering whether to stay an action are: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." Markel American Ins. Co. v. Dolan, 787 F.Supp.2d 776, 779 (N.D. Ill. May 11, 2011); see Mintun v. Kenco Logistics Services LLC, 2020 WL 1700328, at *1 (C.D. Ill. April 7, 2020).

In this case, a stay will put the Plaintiffs at a tactical disadvantage. This case has been pending for more than two years. The parties have spent over a year and a half working on discovery, produced thousands of documents, and deposed at least one of Plaintiffs' experts. After all that, State Farm files Motion 33 for judgment on the pleadings and asks for a stay. State Farm could have asked for judgment on the pleadings two

years ago when the First Amended Answer was filed in May 2019. After the parties have completed such significant work in discovery, State Farm's filings appear to be an effort, at least in part, to delay the motion for class certification. Given that the Plaintiffs have worked for two years under the difficult circumstances of the pandemic to get ready to seek class certification, imposing a stay would put the Plaintiffs at a clear tactical disadvantage.

The stay could potentially streamline a trial if State Farm prevails on Motion 33. The class claims will be largely, if not entirely, resolved. If the District Court denies Motion 33, however, the stay would have no impact on the trial, except delay.

The stay will not materially reduce the burden of litigation on the parties or the Court. The parties have completed significant discovery already, producing thousands of documents. The Plaintiffs have filed a Motion to Compel (d/e 38) (Motion 38). Motion 38 asks the Court to compel State Farm to produce verified interrogatory responses and to submit to a Rule 30(b)(6) deposition. Motion 38, at 5. It appears from Motion 38 that State Farm has provided draft interrogatory answers but has not verified the answers. Under these circumstances, the verification of

State Farm's interrogatory answers and the taking of a Rule 30(b)(6) deposition would not be a significant burden on the parties or the Court.

The Plaintiffs will need to prepare the class certification motion and State Farm will need to respond, but the parties have already had ample time to research and prepare for the class certification issue.  State Farm is so well prepared for class certification that it determined it did not need a damages expert to respond to a motion that has not even been filed yet.  Given the extensive preparation both sides already made for litigating class certification, briefing the class certification motion will not be a significant burden.

In weighing all the factors under the particular circumstances of this case, the Court finds that a stay is not appropriate.

THEREFORE, IT IS ORDERED that Defendants State Farm Mutual Automobile Insurance Company, State Far Life and Accident Assurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company's Motion to Stay Pending Resolution of Defendants' Motion for Summary Judgment on the Pleadings (d/e 35) is DENIED.

ENTER:   June 21, 2021

s/ *Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE